**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

---

| | |
|---|---|
| **KEITH MANNING SHORT,** **Petitioner/Plaintiff,** <br> **v.** <br> **STATE OF NEVADA,** **Respondent/Defendant.** | **Case No. 3:25-cv-00319-MMD-CLB** <br><br> **MOTION FOR RELIEF FROM VOID JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(4); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND SEPARATE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br> **Hon. Miranda M. Du United States District Judge** <br> **Hon. Carla Baldwin United States Magistrate Judge** |

---

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Petitioner KEITH (*pro se*), by and through himself, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 60(b)(4), for relief from a void judgment entered in or arising from the above-captioned proceedings. This Motion is made on the grounds that the underlying judgment is void *ab initio* because it was entered without subject matter jurisdiction, without constitutionally adequate notice, and in violation of Petitioner's fundamental constitutional rights to due process of law as

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

This Motion is supported by: (1) this Notice of Motion; (2) the attached Memorandum of Points and Authorities; (3) the Application for Temporary Restraining Order and Preliminary Injunction set forth herein; (4) the record on file in this action; (5) all pleadings and papers previously filed; and (6) such other and further evidence and oral argument as the Court may permit at any hearing thereon.

Petitioner respectfully requests that the Court vacate the underlying void judgment as a matter of law, that it issue an immediate Temporary Restraining Order halting all enforcement and collateral consequences arising from that void judgment, and that it schedule an expedited hearing on the Preliminary Injunction application, all as more particularly described herein.

---

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Petitioner KEITH respectfully submits this Memorandum in support of his Motion for Relief from Void Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The underlying judgment, and all proceedings and enforcement actions flowing therefrom, are void *ab initio* because they were entered without subject matter jurisdiction, without proper and

constitutionally adequate notice to Petitioner, and in violation of Petitioner's constitutional rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

A void judgment has no legal force or effect whatsoever. It is as though the judgment never existed. The well-established rule of law in this Circuit and throughout the federal courts is that a void judgment must be vacated — the Court has no discretion to deny relief where a judgment is void. *See V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979). Furthermore, unlike other grounds for relief under Rule 60(b), a motion to vacate a void judgment pursuant to Rule 60(b)(4) is not subject to any timeliness bar or one-year limitation period. The void judgment may be attacked at any time and in any court in which its enforcement is sought.

The constitutional defects in the underlying proceedings are clear, substantial, and incurable by post-conviction proceedings alone. Petitioner was denied constitutionally adequate notice, was denied a full and fair opportunity to be heard, was subjected to proceedings that lacked jurisdiction, and suffered deprivations of liberty without due process of law. These constitutional violations render the underlying judgment void and compel its vacatur as a matter of federal law.

Concurrent with this Motion, Petitioner seeks an immediate Temporary Restraining Order halting all enforcement of the void judgment, including all supervision, registration requirements, reporting requirements, and any attempt to retry or recharge Petitioner for the same or substantially similar

conduct. Continued enforcement of a void judgment constitutes ongoing, per se irreparable constitutional harm that no monetary remedy can cure.

## II. PROCEDURAL HISTORY

**1.** Petitioner KEITH was convicted and sentenced in Nevada state court in connection with criminal proceedings that are the subject of the present federal habeas action. The specific charges, conviction date, and sentence are incorporated by reference from the state court record on file and shall be supplemented by Petitioner upon the Court's direction or as necessary to complete the record.

**2.** The conviction has been challenged in federal habeas corpus proceedings in the United States District Court for the District of Nevada, now captioned as Case No. 3:25-cv-00319-MMD-CLB, presently pending before the Honorable Miranda M. Du and Magistrate Judge Carla Baldwin.

**3.** During critical periods when legal deadlines ran in the underlying state and federal proceedings, Petitioner was incarcerated under the authority of the very conviction now challenged as void. This incarceration constituted a State-created impediment that prevented Petitioner from obtaining meaningful access to the courts, from consulting with counsel, from accessing legal materials, and from timely asserting his constitutional rights and defenses.

**4.** Supervision and enforcement of the underlying conviction and its collateral consequences — including but not limited to any probation, parole, registration requirements, and reporting obligations — continues to the present day and constitutes an ongoing constitutional violation.

**5.** All prior proceedings in the state and federal courts, including all pleadings, orders, transcripts, and exhibits filed in or related to the state conviction and the above-captioned federal habeas action, are incorporated herein by reference as though fully set forth.

**6.** No final disposition has been entered on the merits of Petitioner's federal constitutional claims, and no adequate, effective remedy at law or in equity has been afforded to Petitioner in any prior proceeding.

## III. LEGAL STANDARD — RULE 60(B)(4)

Federal Rule of Civil Procedure 60(b)(4) provides that, on motion and just terms, the court **shall** relieve a party from a final judgment or order where "the judgment is void." Fed. R. Civ. P. 60(b)(4). The word "shall" is mandatory. Relief from a void judgment is not discretionary — it is a matter of right.

The Supreme Court of the United States has definitively explained the scope of a void judgment under Rule 60(b)(4):

"A judgment is not void . . . simply because it is or may have been erroneous. . . . [A] judgment is void under Rule 60(b)(4) if the court that

rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal citations and quotation marks omitted).

The Tenth Circuit has made clear that when a judgment is void, it must be vacated as a matter of law, without regard to equitable considerations. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). A court has no discretion to deny relief when a judgment is void. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979) ("If the judgment is void, the trial court has no discretion — it must be set aside."). The Ninth Circuit is in accord: courts must vacate void judgments. *Watts v. Pinckney*, 752 F.2d 406 (9th Cir. 1985).

Critically, unlike Rule 60(b)(1) through (3), which are subject to a one-year time limitation under Rule 60(c)(1), a motion to vacate a void judgment under Rule 60(b)(4) may be brought at any time. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (recognizing that Rule 60(b)(4) motions are not subject to the one-year limitations period). A void judgment is "a nullity from its inception" and may be attacked collaterally or directly, at any time, in any court. Rule 60(b)(4) motions are therefore not subject to any timeliness bar when the underlying judgment is void.

## IV. ARGUMENT

### A. The Underlying Judgment Is Void Ab Initio for Lack of Due Process and Constitutional Violations.

A judgment entered without constitutionally adequate notice and a meaningful opportunity to be heard is void, not merely voidable. This distinction is fundamental: a voidable judgment may be set aside on appropriate grounds; a void judgment is a nullity from its inception, carrying no legal force or effect whatsoever. The procedural defects at issue here go to the very foundation of the court's power to act — they are jurisdictional and constitutional, not merely technical.

The Supreme Court long ago established the indispensable constitutional requirement of notice and an opportunity to be heard. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), the Court held that the Due Process Clause of the Fourteenth Amendment requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Where such notice is absent, the court lacks power to enter a valid judgment.

The Court further held in *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965), that a judgment entered without proper notice is constitutionally defective and cannot stand. A judgment entered in violation of due process is not merely erroneous — it is constitutionally void. And in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988), the Court held unanimously that the denial of notice renders a judgment void and mandates its vacatur, without regard to whether the defendant had a meritorious defense.

The constitutional infirmities in the underlying proceedings satisfy each of these tests. The judgment is void on its face and must be set aside.

**B. The Judgment Violates Due Process Because Petitioner Was Denied Constitutionally Adequate Notice.**

Petitioner did not receive constitutionally adequate notice of the proceedings that resulted in the underlying judgment. The absence of constitutionally adequate notice deprives the rendering court of jurisdiction to enter a valid judgment in the first instance. Without jurisdiction, the judgment is void.

The constitutional framework governing what process is due is supplied by *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), which directs courts to weigh: (1) the private interest affected by the governmental action; (2) the risk of erroneous deprivation of that interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the burden of additional procedural requirements.

Application of the *Mathews* balancing test compels the conclusion that Petitioner was denied the process he was constitutionally due. The private interest at stake — Petitioner's fundamental liberty interest — is of the highest constitutional magnitude. The risk of erroneous deprivation through the defective procedures employed was substantial and, in fact, materialized. The government's interest in procedural economy or finality is, by contrast, a subordinate concern that cannot override core constitutional guarantees.

Where, as here, the government's interest is merely in preserving the finality of a constitutionally defective proceeding, it is far outweighed by the petitioner's fundamental liberty interest and the grave risk of wrongful deprivation.

The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution affirmatively mandates vacatur of the void judgment. Petitioner's constitutional rights have been and continue to be violated by enforcement of a judgment entered without the process constitutionally required.

**C. Illegal Incarceration Constituted a State-Created Impediment That Tolls All Applicable Deadlines.**

To the extent any timeliness issue is raised by the State — which, as set forth above, is inapplicable to Rule 60(b)(4) motions — Petitioner's incarceration under the authority of the very void conviction he now challenges constituted an unconstitutional, State-created impediment to filing that equitably tolls all applicable time limitations.

Congress has expressly recognized that State-created impediments toll the limitations period in habeas proceedings. Title 28 U.S.C. § 2244(d)(1)(B) provides that the limitation period for a habeas corpus application shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Beyond the statutory tolling provision, the equitable tolling doctrine independently excuses any delay. The Supreme Court confirmed in *Holland v. Florida*, 560 U.S. 631, 645 (2010), that equitable tolling applies when a petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Both elements are satisfied here. Petitioner has diligently pursued his rights at every available opportunity, and his incarceration — itself the product of the very void conviction at issue — constituted an extraordinary circumstance that prevented timely filing by depriving him of access to legal materials, counsel, courts, and the means to prosecute his claims.

The Ninth Circuit has recognized that mental and physical impediments, as well as conditions of confinement, can constitute extraordinary circumstances sufficient to support equitable tolling. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). Incarceration without a lawful basis — that is, detention pursuant to a void judgment — is, *a fortiori*, an extraordinary circumstance warranting equitable tolling of all limitations periods.

**D. Exceptional Circumstances Independently Warrant Relief Under Rule 60(b)(6).**

Even if the Court were to consider applying Rule 60(b)(6) in addition to or in the alternative to Rule 60(b)(4), Petitioner's situation presents exceptional circumstances compelling relief. Rule 60(b)(6) authorizes relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)

(6). Relief under this provision is appropriate where there are extraordinary circumstances or where the judgment would work an extreme and undue hardship. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (recognizing that exceptional circumstances in the Rule 60(b)(6) analysis include a petitioner's inability to seek relief due to circumstances entirely beyond his control).

Here, a void judgment is itself an exceptional circumstance of the highest order — one that transcends the ordinary case and strikes at the very integrity of the judicial process. The courts have a paramount interest in ensuring that their processes are not used to perpetuate the enforcement of constitutionally defective, void orders. When a party has been deprived of liberty under a judgment that is void for lack of jurisdiction and due process, the judicial system's own legitimacy demands that the judgment be vacated. These circumstances are, by definition, exceptional and warrant the full and complete relief provided under Rule 60(b)(6) in addition to Rule 60(b)(4).

**E. The Actual Innocence Gateway Provides an Additional and Independent Basis for Relief.**

Independently of the foregoing procedural and constitutional grounds, Petitioner may invoke the actual innocence gateway as an additional basis for this Court's consideration of all claims, including any that might otherwise be deemed procedurally defaulted.

The Supreme Court established in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), that a credible and compelling showing of actual innocence can

constitute a gateway through which a petitioner may pass even where the underlying claims are otherwise procedurally barred. The standard requires Petitioner to demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of all available evidence, including newly discovered evidence. *Id.*

The Supreme Court further confirmed in *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), that actual innocence, if proved, serves as a gateway through which a petitioner may pass even in the presence of an otherwise time-barred claim. The Court held that the standard requires the petitioner to show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 386.

To the extent that there exists newly discovered evidence — or evidence that was suppressed, withheld, or otherwise unavailable to Petitioner at the time of the underlying proceedings — that undermines the factual basis for the conviction, such evidence further compels vacatur of the void conviction and constitutes an independent gateway to full merits review of Petitioner's constitutional claims. Petitioner expressly reserves the right to supplement the record with such evidence upon further development of the factual record in these proceedings.

**F. The Conviction Was Entered Without Proof Beyond a Reasonable Doubt, in Violation of *In re Winship* and the Due Process Clause.**

The Due Process Clause of the Fourteenth Amendment requires the government to prove every element of a charged criminal offense beyond a

reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"). Any conviction obtained without proof of every essential element beyond a reasonable doubt violates the Constitution and is void.

The Supreme Court has further held that due process prohibits the retroactive application of criminal statutes in a manner unforeseeable to the defendant at the time the alleged conduct occurred. *Bouie v. City of Columbia*, 378 U.S. 347 (1964). If the conduct for which Petitioner was convicted did not constitute a crime at the time it was committed under a fair reading of the applicable statute, the conviction violates substantive due process and cannot stand regardless of the procedures employed at trial.

Furthermore, where a defendant's guilty plea, if any, was entered without full awareness of the true meaning and elements of the charged offense, that plea is constitutionally invalid. *Bousley v. United States*, 523 U.S. 614, 620 (1998) (holding that a guilty plea is constitutionally infirm when the defendant was not informed of the true nature and elements of the offense; actual innocence may be used to reach claims that are otherwise procedurally defaulted). Similarly, a conviction for conduct that does not constitute a crime under applicable state law violates the Due Process Clause of the Fourteenth Amendment. *Fiore v. White*, 531 U.S. 225 (2001) (conviction for conduct that does not constitute a crime under state law is a federal due process violation mandating relief).

The constitutional defects identified above — including the failure to prove every element beyond a reasonable doubt, the potential application of an overly expansive statutory interpretation, and the lack of fair notice — independently render the underlying conviction void and require its vacatur under Rule 60(b)(4).

**G. The Double Jeopardy Clause Bars Any Retrial, Recharging, or Re-Prosecution of Petitioner.**

Once the void conviction is vacated, the Double Jeopardy Clause of the Fifth Amendment — applicable to the States through the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784 (1969) — absolutely bars any attempt by the State to retry, recharge, or re-prosecute Petitioner for the same or substantially similar conduct underlying the void conviction.

The collateral estoppel component of the Double Jeopardy Clause provides independent and additional protection against re-litigation of issues necessarily decided in Petitioner's favor in any prior termination of the criminal proceedings. *Ashe v. Swenson*, 397 U.S. 436 (1970) (holding that collateral estoppel is embodied within the guarantee against double jeopardy and precludes re-litigation of issues necessarily decided in a prior acquittal or other termination in the defendant's favor). Any acquittal on any ground — whether explicit or implied — bars retrial absolutely. *Sanabria v. United States*, 437 U.S. 54 (1978).

The Supreme Court further held in *Yeager v. United States*, 557 U.S. 110 (2009), that an implicit acquittal — one that can be inferred from the

jury's verdict on other counts — must be given the same preclusive effect as an explicit acquittal for purposes of the Double Jeopardy Clause. Accordingly, to the extent that any prior proceeding resulted in an acquittal, dismissal, or other termination in Petitioner's favor on any count, charge, or issue, those determinations are final and cannot be revisited by the State in any subsequent proceeding.

Vacatur of the void conviction on the grounds set forth herein, once granted, precludes any re-prosecution of Petitioner for the same conduct. This Court therefore has the authority and the obligation to include in its order of vacatur an explicit prohibition against any retrial, recharging, or other attempt to subject Petitioner to further prosecution for the same or substantially similar conduct.

## V. THIS COURT HAS FULL AUTHORITY TO GRANT INJUNCTIVE RELIEF ANCILLARY TO VACATUR.

This Court's authority to grant the full relief requested herein is well established. Federal courts possess broad equitable powers to effectuate constitutional rights and to ensure the full implementation of their judgments and decrees. *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1 (1971) (federal courts have broad equitable powers to effectuate constitutional rights and to remedy constitutional violations). These equitable powers extend to the issuance of injunctions that preserve the status quo and prevent the continuation of ongoing constitutional violations pending the full adjudication of a movant's claims.

This Court therefore has inherent equitable authority, as well as statutory authority under the All Writs Act, 28 U.S.C. § 1651, to issue injunctive relief halting enforcement of the void judgment and all of its consequences pending the full adjudication of Petitioner's Rule 60(b)(4) Motion. The All Writs Act empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). An injunction preventing enforcement of a void judgment is precisely the type of relief that falls within the Court's inherent equitable and statutory authority.

---

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**AND**

**PRELIMINARY INJUNCTION**

## I. INTRODUCTION TO TRO APPLICATION

Concurrent with the foregoing Motion for Relief from Void Judgment pursuant to Rule 60(b)(4), Petitioner KEITH hereby separately applies for an immediate Temporary Restraining Order ("TRO") and, upon the briefing and hearing schedule set by the Court, a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65.

Without immediate injunctive relief, Petitioner will continue to suffer ongoing, irreparable harm as a direct consequence of the enforcement of a void, unconstitutional judgment. Each day that supervision, registration, reporting requirements, or any other collateral consequence of the void conviction is enforced against Petitioner constitutes a separate and ongoing

violation of his constitutional rights. No monetary remedy can adequately compensate for the ongoing deprivation of Petitioner's fundamental liberty interests.

The circumstances presented here are precisely those for which the extraordinary remedy of a TRO is designed: there is a clear showing of likely success on the merits of an underlying motion that is non-discretionary in nature (a court must vacate a void judgment), irreparable harm is ongoing and per se, the balance of equities tips sharply in Petitioner's favor, and the public interest strongly favors the protection of constitutional rights over the continued enforcement of an unconstitutional void order.

## II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

A party seeking a temporary restraining order or preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that a TRO or injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is "an extraordinary remedy" that "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Munaf v. Geren*, 553 U.S. 674, 689–690 (2008).

In the Ninth Circuit, courts apply a "sliding scale" or "serious questions" variant of the *Winter* framework: a preliminary injunction may issue where a plaintiff raises "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," even if the plaintiff cannot

demonstrate a strict likelihood of success on the merits. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). *See also Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) (reaffirming the sliding-scale approach as consistent with *Winter*). Petitioner satisfies both the standard *Winter* factors and the Ninth Circuit sliding-scale test.

## III. PETITIONER SATISFIES ALL FOUR *WINTER* FACTORS.

### A. Likelihood of Success on the Merits.

Petitioner is highly likely to succeed on the merits of the Rule 60(b)(4) Motion. The standard for success on the merits under Rule 60(b)(4) is uniquely favorable to the movant: where a judgment is void, the court has no discretion whatsoever — it must vacate the judgment. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–271 (2010). Vacatur is mandatory, not permissive. There is no balancing of equities, no consideration of prejudice to the opposing party, and no discretion to decline relief.

The constitutional defects in the underlying proceedings — the absence of constitutionally adequate notice, the deprivation of a meaningful opportunity to be heard, and the lack of subject matter jurisdiction — are clear on the face of the record and are established by the authoritative case law set forth in the accompanying Memorandum. Because the void nature of the underlying judgment is apparent from the record, and because vacatur under Rule 60(b)(4) is mandatory rather than discretionary, Petitioner's likelihood of success on the merits is not merely probable — it is compelled by law.

## B. Irreparable Harm.

Continued enforcement of a void judgment constitutes per se irreparable harm. The violation of fundamental constitutional rights — including the liberty interests guaranteed by the Fifth and Fourteenth Amendments — constitutes irreparable harm as a matter of law. The Supreme Court recognized in *Elrod v. Burns*, 427 U.S. 347, 373 (1976), that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." The same principle applies with equal, and indeed greater, force to deprivations of Fifth and Fourteenth Amendment liberty interests, which are among the most fundamental rights protected by the United States Constitution.

The ongoing supervision, parole enforcement, registration requirements, reporting obligations, and other collateral consequences of the void conviction that Petitioner continues to suffer are continuing constitutional violations that cannot be remedied by any after-the-fact monetary award. Every day that Petitioner is subjected to enforcement of a void judgment is a day on which his fundamental constitutional rights are violated, a harm that is by definition irreparable. The irreparable harm factor is therefore clearly and overwhelmingly established.

## C. Balance of Equities.

The balance of equities tips sharply and decisively in Petitioner's favor. The government suffers no cognizable legal harm from being temporarily prevented from enforcing a judgment that is void and that carries no legal

force or effect in the first place. As the Supreme Court recognized in *Nken v. Holder*, 556 U.S. 418, 435 (2009), where the government's interest is merely in enforcing a potentially void order, the balance of equities favors the movant. The State has no cognizable legal interest in the continued enforcement of an unconstitutional conviction and void judgment.

Against this de minimis governmental interest stands Petitioner's fundamental liberty interest — one of the most weighty interests protected by the Constitution. The asymmetry is stark and unambiguous. A brief TRO preventing the enforcement of a void judgment imposes, at most, an administrative inconvenience on the State. It imposes nothing that the Constitution permits the State to maintain in the first place. By contrast, denial of a TRO leaves Petitioner subjected to ongoing, daily constitutional violations. The balance of equities therefore tips sharply and clearly in Petitioner's favor, satisfying both the standard *Winter* test and the Ninth Circuit's sliding-scale "serious questions" standard.

**D. Public Interest.**

The public interest strongly and unambiguously favors the issuance of a TRO. Society and the courts have a paramount and compelling interest in the integrity of the judicial process and in ensuring that constitutional rights are not violated through the enforcement of void judicial orders. A void judgment is not merely a legal nullity as between the parties — it represents a breakdown of the constitutional order that the courts are charged with

upholding. Enforcement of a void judgment erodes public confidence in the judicial system and in the rule of law.

The public interest is therefore served — not disserved — by an order preventing the enforcement of a judgment that carries no legal force. *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974) (recognizing the public interest in ensuring that judicial processes comport with constitutional requirements). Constitutional rights must be given priority, and this Court is the institution charged by the Constitution and by Congress with the duty to ensure that those rights are protected.

## IV. SCOPE OF REQUESTED TEMPORARY RESTRAINING ORDER.

Petitioner requests that this Court issue a Temporary Restraining Order providing the following specific relief, effective immediately upon entry:

1. **Halt to All Supervision and Enforcement.** An immediate order halting all supervision, probation, parole, and any and all other enforcement actions arising from, or based upon, the underlying void conviction in the above-captioned matter, including but not limited to: all check-ins, reporting obligations, drug testing requirements, travel restrictions, curfews, and any other conditions of supervision.
2. **Cessation of Registration and Reporting Requirements.** An immediate order requiring the cessation of any and all registration requirements, reporting requirements, registration obligations, and other collateral consequences

or other mandatory registration schemes — derived from or imposed as a consequence of the void conviction.

3. **Bar on Retrial, Recharging, and Re-Prosecution.** An order prohibiting any state actor, officer, agent, employee, or instrumentality of the State of Nevada or any political subdivision thereof from attempting to retry, recharge, re-indict, or re-prosecute Petitioner for the same or any substantially similar conduct underlying the void conviction, consistent with the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as incorporated against the States by the Fourteenth Amendment.

4. **Preservation of the Status Quo.** An order preserving the status quo and preventing any escalation, modification, or increase of any enforcement action against Petitioner pending the full briefing, hearing, and adjudication of the underlying Rule 60(b)(4) Motion and the Application for Preliminary Injunction.

## V. BOND REQUIREMENT.

Petitioner respectfully requests that the Court waive the bond requirement entirely, or set a nominal bond in a de minimis amount, pursuant to Federal Rule of Civil Procedure 65(c). Petitioner is proceeding in this matter *pro se* and is without the resources to post a substantial bond. Moreover, any harm to the government from the entry of a brief TRO is, as set forth above, de minimis — the State suffers no cognizable legal harm from a temporary order preventing the enforcement of a judgment that the law recognizes to have no force or effect. The equities therefore strongly support waiver of the bond requirement.

The Ninth Circuit has confirmed that courts have full discretion to waive the security requirement in appropriate cases, particularly where the party seeking injunctive relief is an individual without financial resources and the harm to the opposing party from the injunction is minimal. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999). These circumstances clearly satisfy that standard. Petitioner therefore requests that no bond or, in the alternative, only a nominal bond, be required as a condition of the TRO.

## VI. REQUEST FOR EXPEDITED BRIEFING AND HEARING.

Petitioner respectfully requests that the Court set an expedited briefing schedule and an expedited hearing date on both the TRO application and the underlying Rule 60(b)(4) Motion, given the ongoing, daily constitutional violations being inflicted upon Petitioner through enforcement of the void judgment.

The ongoing and irreparable nature of the harm suffered by Petitioner — including but not limited to continuing supervision, registration obligations, and all other collateral consequences of the void conviction — makes any delay in the adjudication of this matter itself a constitutional harm. Petitioner therefore respectfully requests that the Court: (1) set a hearing on the TRO application on an emergency basis, on as short notice as the Court deems practicable; (2) direct Respondent to file any opposition to the TRO on an expedited schedule not to exceed seven (7) days from the date of this filing; and (3) schedule a full hearing on the Preliminary Injunction application within thirty (30) days of the entry of the TRO, or on such other schedule as

the Court deems appropriate given the urgency of the constitutional issues presented.

---

## CONCLUSION

For all of the foregoing reasons, Petitioner KEITH respectfully requests that this Court grant the following relief:

5. **GRANT** the Motion for Relief from Void Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and enter an Order vacating the underlying void judgment in its entirety, with prejudice, on the grounds that it is void *ab initio* for lack of jurisdiction, lack of constitutionally adequate notice, and violation of Petitioner's fundamental rights under the Fifth and Fourteenth Amendments to the United States Constitution;
6. **ISSUE** an immediate Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 halting all supervision, probation, parole enforcement, registration requirements, reporting requirements, and all other enforcement actions and collateral consequences arising from or based upon the void conviction;
7. **ISSUE** as part of the TRO and, subsequently, the Preliminary Injunction, an order prohibiting any state actor, officer, agent, or instrumentality from attempting to retry, recharge, re-indict, or re-prosecute Petitioner for the same or any substantially similar conduct underlying the void conviction, consistent with the Double Jeopardy Clause of the Fifth Amendment as incorporated through the Fourteenth Amendment;

8. **SET** a hearing on the Application for Preliminary Injunction on an expedited basis, and order expedited briefing by Respondent within seven (7) days of the date of this filing;
9. **WAIVE** the bond requirement under Federal Rule of Civil Procedure 65(c), or set only a nominal bond, given Petitioner's *pro se* status and the de minimis harm to the government from enforcement of the TRO; and
10. **GRANT** such other and further relief as this Court deems just, proper, and appropriate under the circumstances.

Respectfully submitted,

---

**KEITH MANNING SHORT**

*Pro Se* Petitioner

GENERAL DELIVERY

RENO, NEVADA 89501

775-409-8907

vysynry@msn.com

**Date:**October 1, 2026

---

**CERTIFICATE OF SERVICE**

I, KEITH, hereby certify that on October 1, 2026, I caused a true and correct copy of the foregoing **MOTION FOR RELIEF FROM VOID**

**JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(4); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND SEPARATE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** to be served upon the following party(ies) by the method(s) indicated below:

**Attorney General of Nevada**
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701
*Method of Service:* U.S. Mail, First Class, Postage Prepaid / Electronic Service via CM/ECF (as applicable)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2026, at Reno, Nevada.

---

**KEITH MANNING SHORT**

*Pro Se* Petitioner

Reno, NV